UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREG BARRY and MICHELLE SERRUYA,

    Plaintiffs,

v.                          Case No.: 2:23-cv-296-SPC-NPM

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Plaintiffs, Greg Barry and Michelle Serruya, have sued QBE Specialty Insurance Company ("QBE") for breach of their insurance contract after Hurricane Ian allegedly damaged their covered property (Count One); they also seek declaratory relief (Count Two). (Doc. 3). QBE seeks dismissal of Count Two (Doc. 17), and Plaintiffs oppose dismissal. (Doc. 21). For the following reasons, the Court denies the motion.

Plaintiffs are property owners in Lee County, Florida, who obtained a property insurance policy ("Policy") from QBE.[2] Hurricane Ian allegedly

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] These are the facts pled in the Complaint (Doc. 3), which the Court accepts as true. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012).

damaged Plaintiffs' property when it made landfall on September 28, 2022. In their two-count complaint, which QBE removed from state court (Doc. 1), Plaintiffs allege QBE failed to acknowledge coverage for their loss, to acknowledge that it will pay for that loss, and to issue payment for the loss. Count One alleges breach of contract, and Count Two seeks a declaratory judgment of Plaintiffs' rights under the Policy.[3]

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[3] Count Two is based on Florida law, but Florida's Declaratory Judgment Act is procedural, not substantive. *Coccaro v. Geico Gen. Ins.,* 648 F. App'x 876, 880–81 (11th Cir. 2016). Because federal law governs, the Court will construe Count Two as seeking relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *E.g., Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

QBE argues Count Two fails because Plaintiffs have cited no contract provision that needs clarification. It also argues Count Two should be dismissed because it duplicates Plaintiffs' breach of contract claim. Neither argument is persuasive.

To begin, a declaratory judgment action requires "the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citation omitted). Plaintiffs have pled an actual controversy: they want QBE to pay for their property damage from Hurricane Ian, but QBE has refused. The existence of Policy coverage is a live and unresolved issue, and the parties' disagreement is not hypothetical. Because the parties dispute whether the Policy covers Plaintiffs' property damage, Count Two survives dismissal. *See Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

QBE's duplicity argument fares no better. This argument is often raised in this context, and (for several reasons) it is consistently rejected by this Court. *E.g., 500 La Peninsula Condo. Ass'n, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-767-FtM-38NPM, 2020 WL 6273699, at *1 (M.D. Fla. Oct. 26, 2020). First, a court's decision whether to hear a declaratory judgment claim

is discretionary; second, a motion to dismiss tests the plausibility of a claim but not redundancy; and third, the federal Declaratory Judgment Act and Federal Rule of Civil Procedure 57 allow a party to seek a declaratory judgment even if there is another adequate remedy. *Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-CV-425-ORL-22-DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020) (citations omitted). And, as in *Tiro*, defending both claims will not burden QBE because, if the declaratory judgment claim duplicates the breach of contract claim, there will be no additional discovery to conduct. *See id.,* at *3. The Court rejects QBE's duplicity argument.

Plaintiffs have plausibly alleged a declaratory judgment claim. And whether that claim is subsumed by the breach of contract claim can better be resolved at summary judgment. The Court thus denies QBE's motion to dismiss Count Two.

Accordingly, it is now

**ORDERED:**

QBE's MOTION to Dismiss Count II (Doc. 17) is DENIED.

**DONE** and **ORDERED** in Fort Myers, Florida on June 13, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4